[redacted]

**JINHUA LIU, Petitioner,**

v.

**Michael B. MUKASEY, U.S. Attorney General,[1] Respondent.**

**No. 07–2717–ag.**

United States Court of Appeals, Second Circuit.

April 22, 2008.

[redacted]

Jinhua Liu, Pro se, Alhambra, California, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General; Michelle Gorden Latour, Assistant Director; Matt A. Crapo, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. JOSÉ A. CABRANES, Hon. ROBERT A. KATZMANN, Circuit Judges.

***SUMMARY ORDER***

Petitioner Jinhua Liu, a native and citizen of the People's Republic of China, seeks review of the May 30, 2007 order of the BIA denying his motion to reopen removal proceedings. *In re Jinhua Liu,* No. A73 534 852 (B.I.A. May 30, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* at 233–34; (quoting *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir. 2001)).

Here, Liu sought to reopen proceedings on the basis of his claim of ineffective assistance of counsel. To present such a claim, an applicant must comply with the procedural requirements of *Matter of Lozada,* 19 I. & N. Dec. 637, 639 (B.I.A.1988), and show sufficient prejudice to result in a Fifth Amendment due process violation. *See Rabiu v. INS,* 41 F.3d 879, 882 (2d Cir.1994). In addition, an applicant must submit an affidavit or other supporting evidence with the motion to reopen. *See* 8 C.F.R. § 1003.2(c)(1). The BIA finding that he had not satisfied any. However, even construing broadly Liu's *pro se* brief, *see Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir.2006), we cannot find that Liu has challenged the BIA's findings before this Court. Accordingly, we deem any argument based on ineffective assistance of counsel waived. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

Furthermore, because each of these findings is an independent ground upon which the BIA may deny a motion to reopen, the waiver of arguments challeng-

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

ing these findings is dispositive of Liu's petition for review. *See Jian Yun Zheng v. U.S. Dep't of Justice,* 409 F.3d 43, 46 (2d Cir.2005) (holding that failing to substantially comply with the *Matter of Lozada* requirements in a motion to reopen before the BIA forfeits an ineffective assistance claim in this Court); *see also* 8 C.F.R. § 1003.2(c)(1) (requiring an applicant to submit affidavits or evidentiary material with a motion to reopen).

For the foregoing reasons, the petition for review is DENIED.